In the United States Court
For the District of Maryland
(at Baltimore)

In re:
FPI Liquidation Corp.        )   Case #: 11-10338-RAG
    Debtor        )   Chapter 11
                    )

David Kissi        )
    Plaintiff        )
v.        )   Adversary No. 12-00236
FPI Liquidation Corp.        )
    Defendant        )

Notice To Appeal
Order Dismissing Complaint

May this Court note that Interested Party David Kissi has timely filed this Notice to Appeal Negro Judge R. Gordon's one-sided unconstitutional order of 6/15/2012. And that the Appeals fee should be waived for Kissi is deemed CJA eligible and exempt from paying court costs.

And that this Appeal should be heard by a three member panel.

Respectfully Submitted by: _____ DK 6/20/2012
David Kissi, an Interested Party
4305 Ammendale Rd.
Beltsville, MD 20705
202-675-6365 (Bus. Hrs. 8am-5pm)

Certificate of Service

That on this day of 6/19/2012 I did send copies of this Motion by the U.S. Postmaster to the other parties in this case namely: Irving Walker, Esq, Cole, Scholtz, Meisel, Formand & Leonard, 300 E Lombard St., # 2000, Balt., MD 21202; Booker Livingston., Court Clerk for Judge Gordon, 101 W. Lombard St, Baltimore, MD 21202; Bradford Sandler, Esq., Pachulski Stang Ziehl & Jones LLP, 919 N. Market St, 17th fl, Wilmington, DE 19801; and Stephen Gerald, Esq., Whiteford, Taylor & Preston LLP, 7 Saint Paul St, Baltimore, MD 21202-1636.

_____ DK 6/20/2012
David Kissi


FILED
JUN 29 2012
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
AT BALTIMORE

⑨

Signed: June 15, 2012

**SO ORDERED**



ROBERT A. GORDON
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### (at Baltimore)

| | |
|---|---|
| In re: | * |
| FPI Liquidation Corp | * |
| | Case No. 11-10338-RAG |
| Debtor | *  Chapter 11 |

\* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| | * |
| David Kissi | * |
| Plaintiff | * |
| v. | Adversary No. 12-00236 |
| | * |
| FPI Liquidation Corp. | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER DISMISSING COMPLAINT

Before the Court is the Defendant's Motion to Dismiss Complaint (Dkt. No. 17). On April 2, 2012, David Kissi (Plaintiff) commenced the above-captioned Adversary Proceeding by



filing his Adversary Action Motion to Enjoin Trustee From Disbursing Any Funds to Pay Off Creditors and a Rule 59(2) Motion for Reconsideration of Order Sustaining Objection to Claim Number 136 Filed by David Kissi and an Order Confirming Reorganization Plan (Complaint) (Dkt. No. 1). The Complaint requests this Court to reconsider its Order Sustaining Objection to Claim Number 136 Filed by David Kissi (Order) (main case, Dkt. No. 776) and to enjoin the Trustee from disbursing any funds to pay claims until Plaintiff's claims are resolved.

As set forth in the Order, the Court has concluded that Claim No. 136, filed by the Plaintiff in the main case, is barred from re-litigation. Claim No. 136 is grounded upon a Complaint (and the claim set forth therein) filed by the Plaintiff on April 28, 2006 in the Circuit Court for Baltimore City (Case Number 24C06003857) against the Frank Parsons Paper Company, Inc., the Debtor's predecessor-in-interest. Pursuant to Maryland Rule 2-507(c), the Circuit Court dismissed the Complaint for lack of prosecution by Order entered on January 10, 2008. In the Order, this Court determined that the dismissal was a final judgment binding on this Court. It was also determined that the applicable limitations period expired long ago and that Claim No. 136 cannot be used to revive the defunct cause of action. Claim No. 136 is therefore unenforceable against the Debtor. The Complaint alleges no new facts, makes no new legal arguments, and establishes no manifest error regarding the Order. Instead, it only asserts that Plaintiff was abandoned by his lawyer in the Circuit Court civil action and should not be prejudiced thereby. Notwithstanding the fact that the Plaintiff already made that argument in support of Claim No. 136, it is an argument that must be made to the Circuit Court. This Court has no power to go behind the dismissal and undo its effect.

Further, insofar as the Complaint can be read to seek reconsideration of the Order Confirming Plan of Reorganization (Confirmation Order) (main case, Dkt. No. 719), the time

limit to seek reconsideration has expired. The Confirmation Order was entered on February 9, 2012 and Complaint was filed on April 2, 2012, fifty-three (53) days later. Federal Rules of Bankruptcy Procedure 9023 requires that a motion to alter or amend a judgment be filed within fourteen (14) days of the entry of the judgment or order for which alteration is sought.

Accordingly, it is by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Motion is GRANTED; and it is further

ORDERED, that the Complaint is DISMISSED with prejudice.


cc:   Plaintiff
      Defendant
      Defendant's Counsel


**END OF ORDER**



| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

**PLAINTIFFS**
David Kissi

**DEFENDANTS** Chapter 11 Case # 11-18338 (RAG)
Frank Parsons Paper Co., aka FPI Liquidation

**ATTORNEYS** (Firm Name, Address, and Telephone No.)
The Court should appoint Kissi one - see his CJA Notice. *See p 3.*

**ATTORNEYS** (If Known)

**PARTY** (Check One Box Only)
☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☑ Creditor  ☐ Other
☐ Trustee

**PARTY** (Check One Box Only)
☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor  ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To enforce claim against Frank Parsons for botching the Kissis' D.C. Gov't contract. And to remove from this case Asst. U.S. Trustee Mark Neal for his conflict of interest and bias against Kissi. *Ps, See Exhibit A from pp*

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other (2)

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑ 68-Dischargeability - §523(a)(6), willful and malicious injury (1)
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23
☑ Check if a jury trial is demanded in complaint | Demand $ 2.1 million plus damages + Interest

**Other Relief Sought**
Mark Neal and Katherine Levin should be removed from this claim in consideration of the $2.1 million claim Plaintiff Kissi is seeking from Frank Parson's Estate. See 'Motion to remove Mark Neal' Kissi already filed on the Record in 1/2012.

NB: Petitioner prays that this Court should waive any filing fee since a federal court has already issued him a CJA classification as an indigent party. *See p 3.*



| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>Frank Parsons Paper Co. aka FPI Liquidation | BANKRUPTCY CASE NO. |||
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District of Maryland, Baltimore City | DIVISION OFFICE | | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF<br>David Kissi | DEFENDANT<br>Frank Parsons Paper Co. || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING<br>Baltimore City Circuit Court | DIVISION OFFICE<br>Civil Division || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||||
| DATE<br>2/5/2012 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David Kissi, Plaintiff |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

FILED: March 11, 2008

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4916
(8:05-cr-00254)

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

DAVID M. KISSI,

    Defendant - Appellant

O R D E R

Appellant has filed a motion to reconsider an order denying his motion to proceed under the Criminal Justice Act.

The Court grants the motion and allows appellant to proceed under the Criminal Justice Act.

For the Court--By Direction

/s/ Patricia S. Connor, Clerk

In the U.S. Bankruptcy Court for Maryland

In re: )
 )  Chapter 11
Frank Parsons Paper Co. )  Case No. 11-10338 (RAG)
aka FPI Liquidation Corp.    Debtor )

## Motion to Remove Mark Neal As The Trustee In This Adversarial Proceeding

That Petitioner, David Kissi, an Interested Party in the above proceeding move this Court to promptly remove Mark Neal in his capacity as Trustee of F. Parsons' Chapter 11 Estate because an adult person can easily surmise that he poses a conflict of interest with Kissi' involvement in this case.

That conflict of interest arose from his previous capacity as the Trustee of DK&R Chapter 11 Estate which, based purely on a Kissi tenant's hearsay, Neal had it summarily converted into a Chapter 7 in the courtroom of Bankruptcy Judge E. Stephen Derby.

That Neal intentionally assigned the DK&R Chapter 7 Estate to his friend, Assistant U.S. Trustee Katherine Levin who never disclosed to her employer the U.S. Dept of Justice that when she was in private practice in Baltimore she accepted a $1,000 Retainer to represent Kissi et al in a court case, Levin took the money and never did the work. See pp. 3-5: 17 hereby attached. But to muzzle the Kissis, she made sure that all their requests for "hearings" to challenge NY Investor Pramco's false claims against DK&R's Bankruptcy Estate were maliciously blocked by herself and Neal. In fact, in another instance when Judge E.S. Derby agreed to transfer all claims that Pramco's unmerciful debt collector Emil Hirsch had fraudulently filed against the Kissis, their Trusts and Business Entities at the U.S. District Court into Derby's Bankruptcy courtroom in Baltimore, because that is where those claims belonged as the proper forum. But Neal and Levin did team up and had the transfer blocked for no reason. See pp.6-7 hereby attached. And as a result, Investor Pramco that had purchased the Kissis' Business mortgage notes from its Co-guarantor, the U.S. Small Business Administration was able (unopposed) to have U.S. District Court Judge Peter J. Messitte in Greenbelt, MD liquidate $3 million of the Kissis et al Estate at a few cents on the dollar to pay off Pramco's fraudulent claim of $855,000 for a debt that actually wasn't more than $155,000 to start with. In fact, the Record in Federal case # PJM03-2241 shows that Neal and Levin knew all along that Pramco wasn't the rightful mortgage holder of the Kissis' mortgage notes and it had no standing to have claimed the Kissis et al's assets for even a dime: Further Pramco didn't have marketable Titles to the Kissis' Business mortgage notes, as Hirsch had led everyone to believe, and the Howard County Land Records have no proof that Pramco did Register any Assignments of the Kissis' Business notes Pramco allegedly acquired from the SBA, its Co-guarantor.



Now, since this is all a violation of Maryland Real Estate Statutes governing the proper transfer of property, any Pramco claim made against the Kissis et al is now rescindable. Neal and Levin already know this.

Ironically, instead of Neal and Levin raising red flags about Pramco's fraud, they helped Pramco and its debt collectors Hirsch and J. Ryan to steal from the Kissis and had a purely civil debt collection criminalized and then had Kissi charged with fraud and obstruction of justice. And on 8/1/2006 Mark Neal showed up as a government witness to testify against Kissi. And a confused jury had Kissi summarily thrown into jail for 30+ months. See the Record of U.S. v. Kissi, 05-cr-00254, Baltimore Federal Court. Neal and Levin also denied Kissi' spouse her $1.2 million claim against their DK&R Chapter 7 Estate and Neal awarded his friends Trustee R.M. Kremen and his Clerk, Marie Chavez, $200,000 plus in legal fees and separately all Kissi' personal property of furniture, construction equipment including a forklift and other tools and material etc. worth about $100,000 were donated by Neal Kremen and Chavez free of charge to the new buyers of the Kissi real estate properties in W. Baltimore and Riggs Hill, Annapolis Junction, MD. See pp. 8-14.

In summary, Kissi' 4th Amendment Right to a fair hearing in respect to the FPI Liquidation Corp proceeding will certainly be abridged and his legitimate claim doesn't stand a fair chance to be honored given the persistent pattern of Neal bent on helping Pramco to take the Kissis' et al assets without compensation. For this reason, Mark Neal should be promptly removed from the proceeding and replaced by a neutral Trustee. Kissi also calls for a prompt "hearing" pursuant to MD Rule 2-311(f) for time is of essence.

Respectfully Submitted by: _____ 1/16/2012
David Kissi, Interested Party
325 Pennsylvania Ave SE DC 20003
202-675-6365 (Bus. hrs 8AM-5PM)

Certificate of Service

That on this day of 1/16/2012 I did send a copy of this Motion by the U.S. Postmaster to:

Irving Walker, Esq, Cole, Scholtz, Meisel, Formand & Leonard, 300 E Lombard St., # 2000, Balt., MD 21202
Mark Neal, Asst., US Trustee, 101 W. Lombard St, # 2625, Baltimore, MD 21202
Bradford Sandler, Esq., Pachulski Stang Ziehl & Jones LLP, 919 N. Market St, 17th fl, Wilmington, DE 19801
Stephen Gerald, Esq., Whiteford, Taylor & Preston LLP, 7 Saint Paul St, Baltimore, MD 21202-1636

_____ 1/16/2012
David Kissi, A Crime Victim



Legal services (Retainer = 5000)
payments (K) 1K-300004

DAVID KISSI
T/A DK & R COMPANY
MC PHERSON SQUARE
P.O. BOX 27920
WASHINGTON, DC 20038

1337

Please pay 1K Kathryn other Wash. DATE 7/2/01

Order of: Jeffrey Hinds, Esq.    $ 1000.00

(One) thousand only

RIGGS
Dupont Circle Office
Washington, DC 20036-1147

for Katherine Levin   D. Kissi
9/13/01 Representation in Judge Dorsey DC

⑈054000030⑈ ⑆726134011⑆ 1337 ⑆000100000⑆



PAY TO THE ORDER OF
REGAL BANK & TRUST
PIKESVILLE, MD 21215
255072362
FOR DEPOSIT ONLY
JEFFREY C. HINES & ASSOCIATES
LEGAL ACCOUNT PH. 410-366
111140529




**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| IN RE<br><br>DK&R COMPANY,<br><br>Debtor. | BANKRUPTCY CASE NO:<br><br>00-61147-SD<br><br>Chapter 7 |

**LINE WITHDRAWING PROOF OF CLAIM**

The U.S. Trustee for the District of Maryland, Baltimore Division, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. § 586(a), respectfully requests that this Court withdraw the proof of claim filed by the U.S. Trustee on July 30, 2001, Claim # 5, in the amount of $1,000.00. The claim has been paid in full.

Respectfully submitted,

W. Clarkson McDow, Jr.
United States Trustee, Region Four

Date: July 14, 2004

By: /s/ Katherine A. Levin
Katherine A. Levin
Trial Attorney/Bar No. 10916
300 W. Pratt Street, Suite 350
Baltimore, Maryland 21201
(410) 962-3910



## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

In Re:

David Kissi

        Debtor(s)

Pramco/Midwest Servicing, II

        Plaintiff(s)

vs.

Edith R. Truvillion

        Defendant(s)

Case No.   03-53790 SD
Chapter    13

Adversary   No. 03-5-159 SD

### ORDER UPON NOTICE OF REMOVAL
### TO BANKRUPTCY COURT

The above-captioned adversary proceeding has been removed to this Court by filing of a Notice of Removal pursuant to Federal Bankruptcy Rule 9027.

IT IS HEREBY ORDERED, that the party that filed the Notice of Removal shall, within twenty (20) days of the date hereof, file with the Clerk copies of the docket entries and all papers filed in the court from which this case was removed. Unless reasonable objection to the record is made, this Court shall presume that copies filed are true copies of the original papers.

IT IS FURTHER ORDERED, that all parties shall refer to and follow Federal Bankruptcy Rule 9027 in their conduct of these proceedings, unless otherwise ordered.

The Court shall conduct a status conference on __MAY 6, 2003__, at __2:00 p.m.__, in Courtroom __9-e__, U.S. Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201. Counsel shall be present.

The party filing the Notice of Removal shall mail a copy of this Order to all parties to this adversary proceeding and to their attorneys, if any.

Date Signed:

**ENTERED**
MAR 31 2003
U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND
BALTIMORE

E. Stephen Derby
United States Bankruptcy Judge
for the District of Maryland

cc: All Parties - Pramco/Midwest Servicing, II; Edith R. Truvillion
All Counsel - Pro Se

venue-43.1 - 3/10/98TM

1