UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE:                              .    Chapter 11
                                    .
TPI LIQUIDATION   CORP.,            .    Case No. 11-10338 (RAG)
                                    .
                                    .    101 West Lombard Street
         Debtor.                    .    Baltimore, MD 21201
                                    .
                                    .    Monday, March 19, 2012
. . . . . . . . . . . . .           .    11:30 p.m.

TRANSCRIPT OF EXCERPT OF HEARING
(ARGUMENT OF DAVID KISSI)
BEFORE THE HONORABLE ROBERT A. GORDON
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Liquidating
Trustee Edward Gavin:       Cole, Schotz, Meisel, Forman &
                            Leonard, P.A.
                            By:  IRVING EDWARD WALKER, ESQ.
                            300 East Lombard Street
                            Baltimore, MD 21202-3171

                            Whiteford, Taylor & Preston
                            BY:  STEPHEN B. GERALD, ESQ.
                            7 St. Paul Street, Suite 1400
                            Baltimore, MD 21202

For the Liquidating
Trustee:                    MICHAEL R. SEIDL, ESQ.
                            919 North Market Street, 17th Floor
                            P.O. Box 8705
                            Wilmington, DE 19899-8705


(Continued)

ECRO:                       Anna Marie Komisarek


Transcription Company:      Ad Hoc Transcription, LLC
                            241 Sussex Avenue
                            Newton, New Jersey 07860
                            (888) 516-5553
                            www.adhoctranscription.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: | Chapter 11 |
| FPI LIQUIDATION CORP., | Case No. 11-10338 (RAG) |
| Debtor. | 101 West Lombard Street<br>Baltimore, MD 21201 |
| | Monday, March 19, 2012<br>11:30 p.m. |

TRANSCRIPT OF EXCERPT OF HEARING
(ARGUMENT OF DAVID KISSI)
BEFORE THE HONORABLE ROBERT A. GORDON
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the Liquidating
Trustee Edward Gavin:       Cole, Schotz, Meisel, Forman &
                            Leonard, P.A.
                            By: IRVING EDWARD WALKER, ESQ.
                            300 East Lombard Street
                            Baltimore, MD 21202-3171

                            Whiteford, Taylor & Preston
                            BY: STEPHEN B. GERALD, ESQ.
                            7 St. Paul Street, Suite 1400
                            Baltimore, MD 21202

For the Liquidating
Trustee:                    MICHAEL R. SEIDL, ESQ.
                            919 North Market Street, 17th Floor
                            P.O. Box 8705
                            Wilmington, DE 19899-8705


(Continued)

ECRO:                       Anna Marie Komisarek


Transcription Company:      Ad Hoc Transcription, LLC
                            241 Sussex Avenue
                            Newton, New Jersey 07860
                            (888) 516-5553
                            www.adhoctranscription.com

Proceedings recorded by electronic sound recording, transcript produced by transcription service.


APPEARANCES:

For Cecilia Sutherland:    Law Office of Neil R. Lebowitz, LLC
                           By:  NEIL R. LEBOWITZ, ESQ.
                           10440 Little Patuxent Parkway
                           Suite 570
                           Columbia, MD 21044

For David Kissi:           David Kissi
                           325 Pennsylvania Avenue, SE
                           Washington, D.C. 20003



2

APPEARANCES:

For Cecilia Sutherland:   Law Office of Neil R. Lebowitz, LLC
                          By:  NEIL R. LEBOWITZ, ESQ.
                          10440 Little Patuxent Parkway
                          Suite 570
                          Columbia, MD 21044

For David Kissi:          David Kissi
                          325 Pennsylvania Avenue, SE
                          Washington, D.C. 20003



3

1   BALTIMORE, MARYLAND, MONDAY, MARCH 19, 2012, 11:34 A.M.
2           THE COURT:  All right.  Mr. Kissi, now you filed the
3   thing back in 2006 and it was dismissed and your petition to
4   reopen was denied and now you filed the proof of claim and it
5   all seems to be based on this that's already been resolved in
6   the Circuit Court, more than three years later I'll add.
7           MR. KISSI:  Well, when I filed that claim, I had a
8   lawyer and the lawyer -- the lawyer bungled the case (sic).  So
9   I didn't know what was happening, and also there's a critical
10  error associated with this because the clerk of the Baltimore
11  civil court was sending the notices to an address that didn't
12  belong to my former lawyer, Francis.
13          And then I was away for a while which is part of my
14  objection to have Mark Neal removed from this case.  He had
15  engineered with some people to -- I mean, to -- where I was
16  thrown into jail and so for three years --
17          THE COURT:  Mr. Neal is not the trustee of this case.
18          MR. KISSI:  Oh, okay.  So for three years I wasn't
19  here but when I -- since I got released, I have filed a motion
20  for reconsideration pursuant to Maryland Rule 2-535(b) (sic),
21  and I have here the most recent -- the most recent motion for
22  reconsideration I filed was on February 21st of this year, and
23  the Court hasn't ruled on that yet.  The Court hasn't ruled on
24  this motion.
25          THE COURT:  You mean the Circuit Court, right?

```
 1      BALTIMORE, MARYLAND, MONDAY, MARCH 19, 2012, 11:34 A.M.
 2           THE COURT: All right. Mr. Kissi, now you filed the
 3   thing back in 2006 and it was dismissed and your petition to
 4   reopen was denied and now you filed the proof of claim and it
 5   all seems to be based on this that's already been resolved in
 6   the Circuit Court, more than three years later I'll add.
 7           MR. KISSI: Well, when I filed that claim, I had a
 8   lawyer and the lawyer -- the lawyer bungled the case (sic). So
 9   I didn't know what was happening, and also there's a critical
10   error associated with this because the clerk of the Baltimore
11   civil court was sending the notices to an address that didn't
12   belong to my former lawyer, Francis.
13           And then I was away for a while which is part of my
14   objection to have Mark Neal removed from this case. He had
15   engineered with some people to -- I mean, to -- where I was
16   thrown into jail and so for three years --
17           THE COURT: Mr. Neal is not the trustee of this case.
18           MR. KISSI: Oh, okay. So for three years I wasn't
19   here but when I -- since I got released, I have filed a motion
20   for reconsideration pursuant to Maryland Rule 2-535(b) (sic),
21   and I have here the most recent -- the most recent motion for
22   reconsideration I filed was on February 21st of this year, and
23   the Court hasn't ruled on that yet. The Court hasn't ruled on
24   this motion.
25           THE COURT: You mean the Circuit Court, right?
```



4

MR. KISSI: Yeah.

THE COURT: The State Court.

MR. KISSI: Yeah. The State Court hasn't ruled on it so the case is still pending. So it's not dismissed -- it's not dismissed as alleged by the other party.

I have a copy of that motion here. If I can turn this in as evidence -- I mean as an exhibit.

THE COURT: Show it to counsel. Any objection? All right.

MR. WALKER: No, Your Honor.

THE COURT: It will be admitted. Hand it to Mr. Livingston. That's Claimant Exhibit 1.

(Claimant Exhibit 1 admitted into evidence.)

THE COURT: Go ahead, Mr. Kissi. Go ahead.

MR. KISSI: Yeah. So, technically speaking, this claim is still pending. My claim against Frank Parsons is still pending in the Baltimore -- in the Baltimore --

THE COURT: Circuit Court.

MR. KISSI: -- City Circuit Court. So if Frank Parsons had the reorganization, I'll be glad to talk to them to resolve this matter mutually because I mean, I have a valid claim. This is not a frivolous claim. I have a valid claim, and my wife is my witness. For twenty years, we did business with Frank Parsons. For twenty years. And there was a pattern of fraud on their part whereby because we are small, we are



4

    1         MR. KISSI:  Yeah.
    2         THE COURT:  The State Court.
    3         MR. KISSI:  Yeah.  The State Court hasn't ruled on it
    4  so the case is still pending.  So it's not dismissed -- it's
    5  not dismissed as alleged by the other party.
    6         I have a copy of that motion here.  If I can turn
    7  this in as evidence -- I mean as an exhibit.
    8         THE COURT:  Show it to counsel.  Any objection?  All
    9  right.
   10         MR. WALKER:  No, Your Honor.
   11         THE COURT:  It will be admitted.  Hand it to Mr.
   12  Livingston.  That's Claimant Exhibit 1.
   13      (Claimant Exhibit 1 admitted into evidence.)
   14         THE COURT:  Go ahead, Mr. Kissi.  Go ahead.
   15         MR. KISSI:  Yeah.  So, technically speaking, this
   16  claim is still pending.  My claim against Frank Parsons is
   17  still pending in the Baltimore -- in the Baltimore --
   18         THE COURT:  Circuit Court.
   19         MR. KISSI:  -- City Circuit Court.  So if Frank
   20  Parsons had the reorganization, I'll be glad to talk to them to
   21  resolve this matter mutually because I mean, I have a valid
   22  claim.  This is not a frivolous claim.  I have a valid claim,
   23  and my wife is my witness.  For twenty years, we did business
   24  with Frank Parsons.  For twenty years.  And there was a pattern
   25  of fraud on their part whereby because we are small, we are


1  minority, we are black, they treated us as second-class
2  citizens, and in one instance, among many we had in contact
3  with them over a twenty-year period was a contract with D.C.
4  government for $1.5 million worth of paper, and we worked out
5  with them a series of deliveries that could be done and Mike
6  Eging (phonetic), the president of Frank Parsons he said I will
7  tell you the whole deal and since he knows that that's a
8  minority business we don't have enough capital, we don't have
9  the logistics, the trucks and all that.
10      We defaulted on the D.C. contract.  Then he went
11 behind our back and got a contract.  So that's why I sued Frank
12 Parsons and I think -- on the jury trial I think I will prevail
13 on this case.  So we should let Baltimore resolve this case in
14 the State Court, hold up these people on their reorganization
15 plan or we would like to talk to them mutually because we are
16 very reasonable people.
17      THE COURT:  Okay.  And that's all in the complaint,
18 right?
19      MR. KISSI:  Yes, Your Honor.
20      THE COURT:  What you just told me, that's set out in
21 the complaint.
22      MR. KISSI:  Yeah.  It's in the complaint and I gave a
23 copy to Mr. --
24      THE COURT:  Okay.  All right.  Is there anything else
25 you want to tell me?

minority, we are black, they treated us as second-class citizens, and in one instance, among many we had in contact with them over a twenty-year period was a contract with D.C. government for $1.5 million worth of paper, and we worked out with them a series of deliveries that could be done and Mike Eging (phonetic), the president of Frank Parsons he said I will tell you the whole deal and since he knows that that's a minority business we don't have enough capital, we don't have the logistics, the trucks and all that.

We defaulted on the D.C. contract. Then he went behind our back and got a contract. So that's why I sued Frank Parsons and I think -- on the jury trial I think I will prevail on this case. So we should let Baltimore resolve this case in the State Court, hold up these people on their reorganization plan or we would like to talk to them mutually because we are very reasonable people.

THE COURT: Okay. And that's all in the complaint, right?

MR. KISSI: Yes, Your Honor.

THE COURT: What you just told me, that's set out in the complaint.

MR. KISSI: Yeah. It's in the complaint and I gave a copy to Mr. --

THE COURT: Okay. All right. Is there anything else you want to tell me?

1        MR. KISSI:  No, that's it.  Thank you.

2    (Excerpt concluded at 11:34 a.m.)

3              * * * * *

4

5

6

7

8             **C E R T I F I C A T I O N**

9    I certify that the foregoing is a correct transcript

10 from the electronic sound recording of the proceedings in the

11 above-entitled matter.

12

13

14

15 *Kathleen M. Price*      DATE:  May 4, 2012

16 Kathleen Price, AAERT Cert. No. 325

17 Certified Court Transcriptionist

18 AD HOC TRANSCRIPTION, LLC

19

20

21

22

23

24

25

1    MR. KISSI:  No, that's it.  Thank you.
2    (Excerpt concluded at 11:34 a.m.)
3                    * * * * *
4
5
6
7
8              **C E R T I F I C A T I O N**
9    I certify that the foregoing is a correct transcript
10   from the electronic sound recording of the proceedings in the
11   above-entitled matter.
12
13
14
15   *Kathleen M. Price*                DATE:  May 4, 2012
16   Kathleen Price, AAERT Cert. No. 325
17   Certified Court Transcriptionist
18   AD HOC TRANSCRIPTION, LLC
19
20
21
22
23
24
25